# EXHIBIT "B"

3/12/2019 1:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31873966
By: Nelson Cuero
Filed: 3/12/2019 1:31 PM

# 2019-18104 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| JOHNNY PHILLIPS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| GEICO INDEMNITY COMPANY | § | _____ JUDICIAL DISTRICT |

### **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFF, JOHNNY PHILLIPS, complaining of DEFENDANT, GEICO INDEMNITY COMPANY (hereinafter "GEICO"), and for cause of action would respectfully show unto the Court the following:

I.

The Plaintiff pleads that discovery should be conducted in accordance with Texas Rule of Civil Procedure 190.3, Level 2 Discovery.

II.

Plaintiff is resident of Houston, Harris County, Texas.

Defendant, GEICO INDEMNITY COMPANY, is a company doing business in Texas and can be served by serving its registered agent, Dan Beacom, 2280 N. Greenville Ave, Richardson, Texas 75082-4412.

III.

Venue is proper in Harris County, Texas, because all or a substantial part of the acts or omissions giving rise to the cause of action occurred there. In addition, Plaintiff alleges that this Court has jurisdiction herein in that the amount in controversy is within the jurisdictional limits of this Court.

IV.

On or about October 26, 2018, the Plaintiff was involved in a motorcycle accident.

V.

Plaintiff alleges that he has suffered damages as a result of a hit and run accident while operating his motorcycle. Plaintiff is therefore entitled to assert an UM claim against the Defendant, GEICO. Plaintiff has a $30,000.00 UIM/UM policy with Defendant, GEICO. Plaintiff alleges he paid all premiums that were due for the above UIM/UM coverage, has complied with all policy provisions, has notified GEICO of his claim, and by contract, is entitled to receive full benefits from GEICO.

VI.
BREACH OF CONTRACT

Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

The elements of an action for breach of contract are the following:

1.    There is a valid, enforceable contract.

2.    The plaintiff is a proper party to sue for breach of contract.

3.    The plaintiff performed, tendered performance of, or was excused from performing its contractual obligations.

4.    The defendant breached the contract.

5.    The defendant's breach caused plaintiff injury.

Certified Document Number: 84286086 - Page 2 of 8

VII.

<u>VIOLATIONS OF TEXAS INSURANCE CODE</u>

BAD FAITH

The elements of an action for bad faith are the following:

1. There was an insurance contract between the plaintiff-insured and the defendant-insurer, which created a duty of good faith and fair dealing.

2. The insurer breached its duty when it

(1) denied or delayed payment when liability was reasonably clear, or

(2) canceled an insurance policy without a reasonable basis.

3. The insurer's breach proximately caused the insured's damages.

The elements can be found in the following: *Provident Am. Ins. v. Castañeda*, 988 S.W.2d 189, 193 n.13 (Tex. 1998) (element 3); *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (element 2(1)); *Universe Life Ins. V. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (element 2(1)); *Union Bankers Ins. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994) (elements 1, 2); *Chitsey v. National Lloyds Ins.*, 738 S.W.2d 641, 643 (Tex. 1987) (element 3); *Arnold v. National Cty. Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987) (elements 1, 2(1)), *modified on other grounds*, *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990).

DECEPTIVE INSURANCE PRACTICES

The elements of a cause of action under Texas Insurance Code chapter 541 are the following:

1. The plaintiff is a "person" as defined by Texas Insurance Code §541.002(2).

Certified Document Number: 84286086 - Page 3 of 8

2.   The defendant is a "person" as defined by Texas Insurance Code §541.002(2).

3.   The defendant engaged in an act or practice that violated

    (1)   Texas Insurance Code chapter 541, subchapter B,

    (2)   Texas Business & Commerce Code §17.46(b), and the plaintiff relied on the act or practice to its detriment, or

    (3)   a tie-in provision of the Texas Insurance Code.

4.   The defendant's act or practice was a producing cause of actual damages.

The elements can be found in the following:   Tex. Ins. Code §541.002(2) (elements 1,2), §541.151 (elements 1,2,3(1)-(2), 4); *Crown Life Ins. v. Casteel*, 22 S.W.3d 378,383 (Tex. 2000) (elements 1,3(1)-(2)); *Provident Am. Ins. v. Castañeda*, 988 S.W.2d 189, 193 (Tex. 1998) (element 4); *Allstate Ins. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994) (elements 1-4); *Vail v. Texas Farm Bur. Mut. Ins.*, 754 S.W.2d 129, 132-33 (Tex. 1988) (element 3); *Royal Globe Ins. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 691 (Tex. 1979) (elements 1-3); *see* Tex. Ins. Code §544.203 (element 3(3)), §544.254 (element 3(3)), §843.051(a) (element 3(3)), §1501.357 (element 3(3)).

LATE PAYMENT OF CLAIMS

The elements of a cause of action for violation of chapter 542 are the following:

1.   The plaintiff had a claim under an insurance policy.

2.   The plaintiff gave proper notice of its claim to the insurer.

3.   The insurer is liable for the claim.

4.   The insurer violated chapter 542 by not timely

Certified Document Number: 84286086 - Page 4 of 8

     (1)     acknowledging, investigating, or requesting information about the claim,

     (2)     accepting, rejecting, or extending the deadline for deciding the claim, or

     (3)     paying the claim.

The elements can be found in the following: Tex. Ins. Code §542.051 (element 1,2), §542.055 (elements 2, 4(1)), §542.056 (element 4(2)), §542.057 (element 4(3)), §542.060 (element 3), *Allstate Ins. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001) (elements 1,3,4); *United Nat'l Ins. v. AMJ Invs.*, 447 S.W.3d 1, 13 (Tex.App.—Houston [14th Dist.] 2014, pet. dism'd) (elements 1, 3); *State Farm Life Ins. v. Martinez*, 174 S.W.3d 772, 781-82 (Tex.App.—Waco 2005) (elements 1,3,4), *rev'd on other grounds*, 216 S.W.3d 799 (Tex. 2007); *Menix v. Allstate Indem. Co.*, 83 S.W.3d 877, 883 (Tex.App.—Eastland 2002, pet. denied) (elements 1, 3, 4); *Northwestern Nat'l Cty. Mut. Ins. v. Rodriguez*, 18 S.W.3d 718, 720 (TexApp.—San Antonio 2000, pet. denied) (elements 1, 3).

## VIII.
## TEXAS DECEPTIVE TRADE PRACTICES ACT

Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

At all times material hereto, Plaintiff was a consumer who paid for an insurance policy with Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

a.    Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b.    Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of the goods or services;

c.    Representing the goods or services have sponsorship, approval characteristics, ingredients, uses, benefits or qualities which they do not have or that a person has a sponsorship approval, status, affiliation or connection which he does not;

d.    Advertising goods or services with intent not to sell them as advertised;

e.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

f.    Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve or which are prohibited by law;

g.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

h.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

i.    Engaging in an unconscionable course of conduct.

## IX.

By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain at the hands of the Defendant general and special damages in excess of the minimum jurisdictional limits of this Honorable Court, and in an amount to be determined by the jury in this case and as the evidence may show proper at the time of the trial.   Plaintiff requests that this case be tried by a jury of his peers, and that upon final hearing of such evidence that the jury return a verdict in conformity with the evidence in such an amount as within their discretion that is just and reasonable.

X.

The Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the Texas Rules of Civil Procedure.

XI.

Plaintiff alleges damages far in excess of the minimum jurisdiction of the Court and specifically reserves the right to plead the damages with particularity when the damages are more fully know to them.  It is not possible for Plaintiff to plead the exact amount of his damages at this time, but they clearly exceed the minimum jurisdictional limits of this Court.  In order to comply with Rule 47, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

XII.
REQUEST FOR DISCLOSURE

Plaintiff files this Request for Disclosure to Defendant.   Pursuant to Rule 194, Defendant is hereby requested to disclose within (50) days of service of this Request for Disclosure, the information and material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l).  The information and material requested is to be produced at the office of the requesting party.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, Plaintiff has and recovers judgment of and from the Defendant pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

MOORE LANDREY, L.L.P.

By: _____
 DAN DUCOTE, JR.
 Texas Bar No. 24036504
 dducote@moorelandrey.com
 905 Orleans Street
 Beaumont, Texas 77701
 Phone: (409) 835-3891
 Fax:    (409) 835-2707

ATTORNEYS FOR PLAINTIFF,
JOHNNY PHILLIPS



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 10, 2019

Certified Document Number:        84286086 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

4/2/2019 9:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32421100
By: Lisa Thomas
Filed: 4/2/2019 9:33 AM

## CAUSE NO. 2019-18104

| | | |
|---|---|---|
| JOHNNY PHILLIPS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEICO INDEMNITY COMPANY | § | 11TH JUDICIAL DISTRICT |

### DEFENDANT'S ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GEICO INDEMNITY COMPANY, Defendant in the above-styled and numbered cause, and files this Answer to Plaintiff's Original Petition.

I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Petition, and any amendment thereto, and demands strict proof thereof, hereby reserving its right to amend this its Original Answer to assert other and further defenses in the premises.

II.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a trial by jury and makes application therefore.

III.

Defendant says Plaintiff's injuries and damages, in whole or in part, may be due to pre-existing conditions. Additionally, or in the alternative, Defendant states that Plaintiff's condition and/or injuries were proximately caused by events unrelated to the incident in question.

IV.

Additionally, or in the alternative, Defendant states that Plaintiff's medical and health conditions may have existed prior to the accident made the basis of this suit, and any damages

615368.1 PLD 0004750 20718 DWP

growing out of the occurrence in question would have been only an aggravation of the pre-existing conditions.

V.

Defendant contends that pursuant to § 41.0105 of the Texas Civil Practice and Remedies Code, Plaintiffs recovery of medical or health care expense is limited to the amount actually paid or incurred by or on behalf of the claimants.  Additionally, or in the alternative, Defendant states that Plaintiff's claimed medical expenses are not reasonable or necessary as a result of the occurrence in question.

VI.

Defendant asserts failure to mitigate damages as an affirmative defense.  Including, but not limited to, any failure by Plaintiff to comply with "The Patient Protection and Affordable Care Act ("ACA") and 26 U.S.C. §5000A, which requires that all Americans purchase and maintain health insurance.

VII.

Pleading further, to the extent that Plaintiff had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the medical and and/or healthcare expenses allegedly incurred by Plaintiff in connection with the incident in question and/or the injuries allegedly resulting therefrom, the Defendant would show that Plaintiff failed to mitigate his alleged damages by failing to submit such healthcare expenses to his insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiff's

615368.1 PLD 0004750 20718 DWP

Certified Document Number: 84603234 - Page 2 of 5

insurer and/or health benefit plan. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff.  See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

VIII.

Further, or in the alternative, any award for mental anguish damages is limited pursuant to the terms and provisions of the Texas Business & Commerce Code §17.50.

IX.

Defendant contends that to the extent that Plaintiff is asserting a recovery of loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, the limitations of §18.091 of the Texas Civil Practice and Remedies Code apply.

X.

Further, Defendant denies that all conditions precedent to recovery under the policy at issue have been met. Specifically, Plaintiff has not established that he is legally entitled to recover from an alleged uninsured motorist.

XI.

Further, Defendant denies that all conditions precedent to recovery under the policy at issue have been met. Specifically, Plaintiff has not established that he is legally entitled to recover uninsured/underinsured motorist benefits in that no actual physical contact occurred with his motorcycle.

615368 1 PLD 0004750 20718 DWP

## XII.

Further, or in the alternative, Defendant states that a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to underinsured motorist benefits from Defendant. Defendant possesses the right to value claims differently from its insureds without facing liability. A bona fide controversy exists in the evaluation of liability and damages regarding Plaintiff's underinsured motorist claims. Defendant's liability, if any, under the contract is not reasonably clear. Defendant possesses a reasonable basis for its evaluation of the liability and damages in Plaintiff's alleged underinsured motorist claim.

## XIII.

Defendant is entitled to an offset or credit against any judgment that may be rendered against it for the total amount paid under personal injury protection ("PIP") coverage available to Plaintiff.

## XIV.

Further, or in the alternative, Plaintiff has failed to describe how Defendant's alleged breach of contract converts his alleged contractual claim into a cause of action for breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, or violation of the Texas Insurance Code.

## XV.

Defendant further contends that Plaintiff is not entitled to attorney's fees.

## XVI.

Alternatively, in the unlikely event that Defendant is found liable to Plaintiff for underinsured motorist benefits pursuant to the policy at issue, its liability is limited to the sum of Thirty Thousand and no/100s ($30,000) Dollars per person and Sixty Thousand and no/100s ($60,000.00) Dollars per occurrence, the limits of the policy at issue.

615368.1 PLD 0004750 20718 DWP

Certified Document Number: 84603234 - Page 4 of 5

XVII.

Pursuant to TRCP 193.7 of Defendant's intent to utilize, refer to and offer into evidence against each named Plaintiff at any pretrial or trial proceeding, each and every document, writing, pleading, or tangible thing produced or exchanged by Plaintiff through the written or oral discovery process in the instant cause.

WHEREFORE PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit, that Defendant be discharged and go hence with its costs without day, and for all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, for which it will in duty bound forever pray.

Respectfully submitted,

LORANCE & THOMPSON, P.C.

David W. Prasifka
SBN: 16231700
dwp@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: 713/868-5560
Facsimile: 713/864-4671
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

On this 2nd day of April 2019, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Dan Ducote, Jr.
Moore Landrey, L.L.P.
905 Orleans Street
Beaumont, TX 77701
dducote@moorelandrey.com

David W. Prasifka

615368 1 PLD 0004750 20718 DWP



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 10, 2019

Certified Document Number:        84603234 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**